UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

vs.                                                    Case No.: 8:06-cv-407-T-27MSS

RICHARD ZEHR CONSTRUCTION, INC.,
BERNARDO COVARRUBIAS, NANCY
CARMONA, as Personal Representative of the
Estate of EFRAIN MARES, JR., MIGUEL
NORIEGA-ALVAREZ, and CARLOS
GARCIA,

        Defendants,

vs.

CIRILLO INSURANCE & FINANCIAL
SERVICES, INC., a Florida Corporation,

        Third Party Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff/Counter-Defendant, Allstate Insurance Company's Motion to Dismiss Counterclaim and Motion to Strike Affirmative Defenses (Dkt. 24), and Third Party Defendant, Cirillo Insurance & Financial Services, Inc.'s Motion to Dismiss Third Party Plaintiff's Complaint (Dkt. 28). Defendant has not filed a response to either motion. Upon consideration, Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim is GRANTED, Plaintiff/Counter-Defendant's Motion to Strike is GRANTED, and Third Party Defendant's Motion to Dismiss is GRANTED.

## Factual Background

Plaintiff/Counter-Defendant, Allstate Insurance Company ("Allstate"), filed a Complaint for Declaratory Judgment seeking a declaration of whether coverage exists under a business automobile policy issued to Defendant/Counter-Plaintiff, Richard Zehr Construction, Inc. ("Zehr"). (Dkt. 1). Allstate contends that coverage does not exist because the subject accident did not involve an automobile covered by the policy. (Dkt. 1, ¶ 36). In response, Defendant filed a Third Party Claim against its insurance agent, Third Party Defendant Cirillo Insurance & Financial Services, Inc. ("Cirillo"), a Counterclaim against Allstate as principal of the agent, and affirmative defenses based on the assertions in its Counterclaim. (Dkt. 20).

Defendant's Third Party Complaint alleges that Cirillo breached its duty to properly advise Defendant about the availability of all appropriate types and amounts of coverage for its business, including coverage for non-owned automobiles. (Dkt. 20, ¶¶ 61-62). In its Counterclaim, Defendant asserts liability against Allstate for Cirillo's alleged breach because Cirillo was allegedly acting as Allstate's agent. (Dkt. 20, ¶ 63). Additionally, Defendant's first affirmative defense alleges that Allstate is estopped from denying coverage "as more particularly set forth in Zehr's Counterclaim." (Dkt. 20, ¶ 40). Zehr's second affirmative defense alleges that Allstate should not be able to deny coverage based on an unclean hands theory, "as more particularly set forth in Zehr's Counterclaim." (Dkt. 20, ¶ 41).

Allstate moves to dismiss Defendant's Counterclaim and strike Defendant's affirmative defenses. (Dkt. 24). Allstate argues that because there has been no adjudication on whether the insurance policy provides coverage for the accident, Defendant's claims that the insurance agent failed to procure appropriate coverage are premature. (Dkt. 24). Allstate argues that this Court should dismiss Defendant's Counterclaim without prejudice and strike Defendant's affirmative

defenses, which are based on the assertions in Defendant's Counterclaim. (Dkt. 24). In the alternative, Allstate moves for an abatement of Defendant's claims until the cause matures and becomes ripe. (Dkt. 24). Cirillo moves to dismiss Defendant's Third Party Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 28). Like Allstate, Cirillo argues that Defendant's claims are premature because there has not been an adjudication on the determination of rights under the insurance policy. (Dkt. 28). Cirillo argues that Defendant's Third Party Complaint should be dismissed without prejudice. (Dkt. 28). In the alternative, Cirillo moves for an abatement of the action until the cause matures or for a more definite statement of Defendant's causes of action. (Dkt. 28).

## Applicable Standard

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*citations omitted*); *see also S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, conclusory allegations and unsupported conclusions of fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. Bellsouth Telcomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d

1171, 1174 (11th Cir. 1993).

### Discussion

Allstate and Cirillo correctly argue that a claim against an insurance agent for negligence does not accrue until the underlying action against the insurance company is final. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001); *Glasbrenner v. Cont'l Gen. Ins. Co.*, 2004 WL 322912, *1 (M.D. Fla. 2004). The appropriate disposition of a premature action depends upon the circumstances surrounding the premature element of the claim. *Shuck v. Bank of Am.*, 862 So. 2d 20, 24 (Fla. 2d DCA 2003). When the premature element of a claim can be cured by the mere passage of time, courts generally determine that the appropriate disposition is abatement of the action until the cause matures. *Shuck*, 862 So. 2d at 24 (citing *Thomas v. Suwannee County*, 734 So. 2d 492, 497 (Fla. 1st DCA 1999)). However, in other premature actions, if one of the essential elements of the claim is contingent upon the occurrence of an event that may or may not occur, then the appropriate disposition is dismissal without prejudice. *Id.*

In the case at bar, the mere passage of time is not sufficient to cure the premature aspect of Defendant's claims, as the possibility exists that Defendant may prevail in Allstate's declaratory judgment action. Instead, Defendant's third party claim and Counterclaim are both contingent upon an adjudication that Allstate's coverage does not extend to the vehicle involved the subject accident. Therefore, because both of Defendant's claims are contingent upon the occurrence of an event that may or may not occur, it is appropriate to dismiss Defendant's Counterclaim/Third-Party Complaint without prejudice. *Landmark Am. Ins. Co. v. Moulton Properties, Inc.*, 2006 WL 2038554, *3 (N.D. Fla. 2006) (finding, on essentially identical facts, that the passage of time would not correct the premature element of defendant's claim, thus warranting dismissal of the third party complaint); *Pollywog Transp., Inc. v. Abest Agencies, Inc.*, 2004 WL 2673225, *1 (M.D. Fla. 2004). Further,

in light of the Court's reasoning regarding the appropriate disposition of Defendant's premature claims, this Court will also strike Defendant's affirmative defenses, as they are similarly based on Cirillo's alleged failure to properly advise Defendant about the types and amounts of insurance available. (Dkt. 20, ¶¶ 40, 41).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim is GRANTED, Plaintiff/Counter-Defendant's Motion to Strike is GRANTED, and Third Party Defendant's Motion to Dismiss is GRANTED.

**DONE AND ORDERED** in chambers this 2nd day of October, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record